## Case No. 3,124.

### CONOVER v. RAPP.

[4 Fish. Pat. Cas. 57.][1]

Circuit Court, S. D. New York. Nov., 1859.

PATENTS — EXPERT TESTIMONY — EQUIVALENTS — INFRINGEMENT—MEASURE OF DAMAGES.

1. Opinions of experts are admitted contrary to the general rule which requires witnesses to testify only as to facts.

2. It would probably be as well, if not better, that such opinions should be excluded from the consideration of the jury.

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

3. A mechanical equivalent is a device which performs substantially the same office with the thing described, in substantially the same way.

4. The grant of a patent for an improvement does not give the patentee of the improvement a right to use any original machine.

5. The actual damages are the profits which the defendant has made.

[Cited in Johnson v. Onion, Case No. 7,401.]

At law. This was an action on the case [by Jacob A. Conover against John H. Rapp], tried by Judge Ingersoll and a jury, to recover damages for the infringement of letters patent [No. 12,857] for an "improved machine for splitting wood," granted to plaintiff May 15, 1855, and more particularly referred to in the report of the case of Conover v. Roach [Case No. 3,125].

P. Van Antwerp and C. M. Keller, for plaintiff.

A. K. Hadley and L. S. Chatfield, for defendant.

INGERSOLL, District Judge, charged the jury as follows:

There is no question as to the novelty of this invention, for the patent is prima facie evidence of its novelty; and, as there has been no evidence introduced, nor could any be introduced under the pleadings, to prove the want of novelty, the patent must be deemed conclusive evidence that the thing granted, at the time of the grant, was new and useful, and that the plaintiff had the exclusive right to it. The first question, then, to be considered, is, what was the grant of right contained in the patent? That is a question of law and must be determined by the court, and whatever the court determines to be the grant of right, the jury will consider as the true grant of right.

The other question is a question of fact; namely, does the device or invention used by the defendant interfere with the grant of right given to the plaintiff? In other words, is the machine of the defendant identical with the machine of the plaintiff?

To determine what was the grant of right, we must look to the patent; and the patentee in specifying his particular machine has described how it is to operate, and how it is constructed, by what means the result which he wishes to bring about is produced. He describes that which he deems the best way to bring about this result, and having described his machine he goes on and states how and what he does not claim, and then he goes on and states what he does claim. He says, "I do not confine myself to the form of knife described and represented, as that can be changed at pleasure, although I prefer the form described; nor do I confine myself to the use of an endless bed, as a reciprocating bed or carriage will answer the purpose, but not as well. Nor do I confine myself to the making of the holding or clearing plate movable, or with an elastic pad on its under surface, as it will answer the purpose of a clearer without these features, which add to it the function of holding down the block firmly during the operation of splitting. It will be obvious to the mechanic that the several parts constituting the said machine may be varied in form or by the substitution of equivalents, and still possess the substantial mode of operation which I have invented." "What I claim as my invention and desire to secure by letters patent is the movable bed or carriage for carrying and advancing the blocks of wood in combination with the reciprocating cutters operating at right angles with the surface of the bed or carriage, substantially as and for the purpose specified. I also claim in combination with the bed or carriage and reciprocating cutter, substantially as specified, the employment of the clearing plate through which the cutters pass, substantially as and for the purpose specified." "And, finally, I claim providing the said clearing plate with an elastic pad, and imparting to it an up and down motion, substantially as specified, in combination with the bed or carriage and reciprocating cutter, as specified, by means of which the said plate, under the combination specified, performs the double office of holding the blocks and clearing the cutters as specified."

He does not claim the bed or the cutters separately. They were admitted to be old, the bed was old, the cutters were old, but the claim was for the combination of these two elements in the manner described and for the purpose specified. That was one grant of right; the other grant of right was for the combination of three elements, to wit: the bed and cutters, which composed the first grant of right, with the clearing plate combined together; so that this grant of right is the combination of the bed or carriage, or device, whatever you may call it, with the cutters and the clearing plate together; and if in this case the defendant, in his machine, has interfered with this grant of right made to the plaintiff in any one of these particulars, then it will be your duty to find a verdict for the plaintiff. It is not necessary that he should interefere with this grant of right in both particulars. It is not necessary to enable the plaintiff to recover that he should have a combination of the bed and cutters and clearing plate. If he has got his combination of the bed and cutters, it will be your duty to find a verdict for the plaintiff, although he may not have used the two combinations. Now, gentlemen, having ascertained what the grant of right is, which is a question of law, and which you must take as the court lays it down to you, the next question is one of fact, and it is: Has the defendant interfered with this grant of right, or with either of these grants of right, made to the plaintiff? In other words, has he used in the machine—used substantially, not in form—the two elements which were patented by the plaintiff in combina-

tion, to wit: the bed for carrying the wood or removing the wood, in combination with the cutters for splitting the wood, after being so carried, or has he interfered with the plaintiff's right in the second particular, to wit: the combination of the bed for carrying the wood or removing the wood, with cutters for splitting the wood, and the clearing plate to make the operation of the machine more effectual.

It is very evident, gentlemen, that the defendant has used a machine by which the wood is removed from one point to another, and, after it has been removed, for splitting the wood by these knives there is a combination in his machine of these two elements, to wit: that of removing the wood, whether it is in the carriage or not, and the splitting of it. Without the removing of the wood the machine would be ineffectual; without the knives to split it, both would be ineffectual; both of these are used; that appears from an inspection of the machine itself, and it is admitted, I believe, on all hands. Now, does this machine interfere, thus combined, with the combination which was granted to the plaintiff? It is claimed on the part of the defendant, that it is not this combination, for the reason that there is no carriage used to carry the wood, and various witnesses, as experts, have been introduced before you to give their opinion whether one machine is identical with the other.

The opinions of witnesses on a question of this kind are not to be admitted unless they are what are called experts. As a general rule, witnesses are confined in their testimony to the relation of facts, and the jury are to make up their opinions from those facts. But, gentlemen, in a case of this kind, the opinions of witnesses who are experts are admitted, contrary to the general rule which requires witnesses to testify only as to facts. And I must say, gentlemen, so far as my experience extends that it would be as well, if not better, that the opinions of such witnesses should be excluded from the consideration of the jury. But, gentlemen, such testimony is admitted, and the jury must give such weight to it as they think it deserves. It is unsafe in many particulars to rely on the opinions of witnesses as to the identity of two machines, for the reason that they may not have a clear perception in what the identity consists; and, in that case, their opinions, whether they are identical or not identical, should have no weight with the jury. This is illustrated very well in the case now before you. If I understand correctly, this question was put to a witness: whether, in his judgment, having a machine composed of certain mechanical elements, each performing appropriate functions and combined, whether in his judgment it would make a material change if you took out one of the elements thus combined, and substituted a mechanical equivalent for such element. And I understood him to say that, in his opinion, the substitution would make it a different machine. It is for you to determine whether he did say so or not. If he did, his opinion is not worth a rush, because he is mistaken in points of law as to what makes a machine identical or not. If his opinion is, that the substitution of a mechanical equivalent for one of the elements of a combination changes the machine, I say that in law he is mistaken, for the law is, gentlemen, that the substitution of a mechanical equivalent would not change it, and therefore the opinion of a witness of this kind, if he is mistaken as to the law, should have no weight with you. But you will give those opinions such weight as they deserve, and come to the question of fact. Is this device which the defendant uses for moving the wood the carriage or bed described by this plaintiff, or is it a mechanical equivalent therefor? If it is, it is the same as if he used it in form. Now, what is a mechanical equivalent, gentlemen? You hear witnesses talking about a mechanical equivalent, but they don't tell you what it is, and we are left in the dark to know what a mechanical equivalent is. A mechanical equivalent is a device which performs substantially the same office with the thing described in substantially the same way, and if this device of moving in the defendant's machine performs the same office in the plaintiff's, in substantially the same way, it is an element in the combination of the plaintiff's machine; does it then perform the same office? What is the office of the plaintiff's device of this carriage or bed? The office, as is manifested, of this bed or carriage is to move the wood from one particular point to another, where it can be acted upon by the knives, and it is very evident that the office of both devices in this machine is the same. It does remove the wood from one point to another, so that it can be operated upon by the knives.

Does it remove it in substantially the same way? It is moved in both devices by the power acting upon the bed or carriage, and then acting on the wood removes it. It is evident that they are both, in this respect, operated upon. But it is said that it is operated upon in substantially the same way. The plaintiff, as he has described it here, has this endless bed. In the defendant's there is no endless bed. In the plaintiff's the wood is not in itself moved over any bed. It remains stationary on the bed, and is carried along with the bed, not dragged along the bed. Now, gentlemen, I do not know that I can make this thing better understood by you than by stating the following case: If, gentlemen, in winter, on a pond of water, a man stands upon a sleigh, having a pair of skates upon his feet, and that sleigh (the bottom of it being two inches from the ice) should be moved across the ice by the power of horses, or any other power, it is admitted that that man would be carried, provided

this sleigh went from one end of the pond to the other, would be carried by a sleigh, that he would be removed in a carriage. In other words, carried by the force and power applied to the sleigh, and that would be a carriage. Now, supposing that there should be holes in the bottom of the sleigh, and he should drop his feet through, and let his feet slide. The question is, is he carried in the same way, in substantially the same way, that he is in the other. He is moved by the power that is applied to the carriage, whether his feet be upon the bottom of the sleigh or upon the ice; and the question for you to determine is, is the wood now carried in substantially the same way by the power of this bed, by the consequence of the force applied to it, in substantially the same way, whether it is done by the plaintiff's device or the other.

The great object you will see in both devices is to move the wood—that is the whole object—from one point to the next to enable it to be operated upon by the knives; it is moved so as to be operated upon, and you are to determine whether it is substantially in the same way, not in the same form, for forms are nothing. If forms were essential, every patent that has been granted could be successfully contested. You are to determine whether the device of the defendant—no matter what you call these several elements —is substantially like the device of the plaintiff. If it is, then it is your duty to find a verdict for the plaintiff. Allusion has been made to this patent of the defendant. The patent of the defendant is not to operate upon any rights granted to the plaintiff. On looking at the patent of the defendant, as I understand it, it is only for an improvement on wood-splitting machines; and where there has been a patent granted for a wood-splitting machine, and a subsequent grant for an improvement on that wood-splitting machine, that grant for such an improvement does not give the patentee for the improvement a right to use any original machine. He must obtain that right from the original patentee before he can use his improvement.

If you should find a verdict in favor of the plaintiff, the next question will be, what damages are you to give him? He is entitled to such actual damages as he has sustained. The actual damages are the profits the defendant has made. That would depend on the extent of the use by the defendant, and you must judge of that in the best way you can from the evidence before you. Evidence has been given that this defendant used it, and the amount of wood that was split during each day, and the amount that can be split by hand. There has been no evidence given that this defendant had any right to use any other patent or any right to use any other mode of splitting wood, except by hand, and the plaintiff has calculated from that, what the actual damages were. A plaintiff is not able, with the

utmost accuracy, in cases of this kind, to give the exact amount of damages that he has sustained. It is not in his power. He does the best he can. If he is wrong in his calculation, the defendant can put him right. The defendant knows the profit he has made. Therefore, you must take this evidence as it is, and come to the best conclusion you can as to what are the actual damages. If you find in favor of the plaintiff, give a verdict for such actual damages as you think he has fairly sustained, judging from the evidence before you.

The jury found a verdict for the plaintiff.

The defendant moved for a new trial before Mr. Justice Nelson, who delivered the following opinion:

NELSON, Circuit Justice. I do not see any error in the charge of the judge on the submission of the case to the jury, and am of the opinion that the newly-discovered evidence does not warrant the granting of a new trial on that ground.

[NOTE. For other cases involving this patent, see note to Conover v. Roach, Case No. 3,125.]